IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STATE OF DELAWARE,          :
                            :
          Plaintiff,        :
                            :
     v.                     : Civil Action No. 23-454-GBW
                            :
LARRY STEPHENS SAUNDERS,    :
                            :
          Defendant.        :

Larry Stephen Saunders, Wilmington, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

May 12, 2023
Wilmington, Delaware

**WILLIAMS, District Judge:**

## I.   BACKGROUND

This is an attempt to remove a criminal prosecution from State court, in the

Superior Court of New Castle County, Delaware.  Defendant was arrested on

September 23, 2021, and an indictment was filed on November 22, 2021.  The

exact nature of the charges is unclear, but based on Defendant's submissions, they

appear to be drug and firearm offenses, as well as a child welfare offense.

Plaintiff provides two grounds for removal.  First, he asserts that there is

complete diversity of citizenship under 28 U.S.C. § 1332 because this is a

controversy between "a non-citizen national of the United States of America and a

corporate citizen of the STATE OF DELAWARE (Plaintiff)."  (D.I. 1 at 3).

Second, he argues that his "federal defense and assertion of federal laws and

commercial laws demonstrate that this action falls under the exclusive jurisdiction

of the federal court."  (*Id.*).

## II.   DISCUSSION

Removal of State criminal matters is permitted in limited instances under 28

U.S.C. § 1443.  Pursuant to § 1443(1), a criminal prosecution commenced in a

State court may be removed to the district court of the United States for the district

and division embracing the place wherein it is pending against any person who is

1

denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. § 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792 (quoting 28 U.S.C. § 1443(1)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219, (1975) (citations omitted).

Neither of Defendant's assertions quoted above provide a basis for this Court's proposed exercise of subject-matter jurisdiction over Plaintiff's State criminal case. Diversity of citizenship under § 1332 is inapplicable to criminal cases and, even if it were, there is not complete diversity here. *See, e.g., El v.*

2

*Cook*, 2018 WL 503252, at *2 n.1 (D. Del. Jan. 22, 2018).  Furthermore, Defendant's second ground for removal fails because it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. Finally, there are no plausible allegations that Defendant cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haw*s, 131 F.3d 1205, 1209 (7th Cir. 1997). Defendant's filings simply do not lead to the conclusion that he cannot enforce any asserted rights in State court.

## III.   CONCLUSION

Removal was improper and an Order of Remand will be entered.